UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTA PRODUCTS, INC., the Debtor in Possession, and the Betta Products Litigation Trust,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DISTRIBUTION SYSTEMS AND SERVICES, INC., aka DSS,<br><br>　　　　Defendant. | Case No. 07-2071 SC<br><br>ORDER DENYING DEFENDANT'S MOTION TO <u>WITHDRAW REFERENCE</u> |

**I. INTRODUCTION**

　　Presently before the Court is a motion by Defendant Distribution Systems and Services, Inc. ("Defendant" or "DSS") to Withdraw Reference of the Adversary Proceeding from Bankruptcy Court to U.S. District Court.  <u>See</u> Mot. to Withdraw, Docket No. 5. Plaintiffs Betta Products, Inc. and the Betta Products Litigation Trust ("Plaintiffs" or "Betta") opposed the motion and Defendant filed a reply.  <u>See</u> Docket Nos. 11, 16.

　　For the reasons discussed herein, the Court DENIES Defendant's Motion to Withdraw Reference from Bankruptcy Court.

**II. BACKGROUND**

　　Betta filed for Chapter 11 bankruptcy protection in 2003. <u>See</u> Brinkman Decl., ¶ 5.  Soon thereafter, DSS filed a general

1  unsecured claim against the bankruptcy estate.  See Request for
2  Judicial Notice ("RJN"), Docket No. 15, Ex. 7.  On May 17, 2004,
3  the Bankruptcy Court confirmed Betta's Chapter 11 Reorganization
4  Plan.  See RJN, Ex. 8.  Approximately one year later, Betta filed
5  its Original Complaint in the Bankruptcy Court that began an
6  adversarial proceeding against DSS to recover inventory allegedly
7  withheld by DSS.  See id., Ex. 2.  On May 13, 2005, DSS filed an
8  Answer to Betta's Original Complaint, however, DSS did not demand
9  a jury trial in its Answer.  See id., Ex. 3.  The parties then
10 proceeded to arbitrate the contract claims asserted by Betta.  See
11 Brinkman Decl., ¶¶ 11-16, 19-22.  Concurrently, Betta received
12 permission to amend its Original Complaint and filed an Amended
13 Complaint on February 22, 2007.  See RJN, Ex. 4.  On March 5,
14 2007, DSS filed its Answer to the Amended Complaint and included a
15 demand for a jury trial.  See id., Ex. 5.  In response, Betta
16 filed a motion to strike DSS's jury demand and the Bankruptcy
17 Court issued a ruling on June 5, 2007 concluding that DSS's demand
18 for a jury trial in its Answer to the Amended Complaint did not
19 revive its right to a jury.  See Docket No. 18, Second RJN, 3.
20    DSS moves for discretionary withdrawal of reference under 28
21 U.S.C. § 157(d) so the District Court can conduct a jury trial on
22 the claims asserted by Betta in its Amended Complaint.  See Mot.
23 to Withdraw, 1.

25 **III. LEGAL STANDARD**
26    Federal Rule of Civil Procedure 38 applies to a party's right
27 to a jury trial.  Under Rule 38(b):

28

2

> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d).

Under Rule 38(d), "[t]he failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury."  In the Ninth Circuit, "the presentation of a new theory does not constitute the presentation of a new issue on which a jury trial should be granted under F. R. Civ. P., Rule 38(b)."  <u>Trixler Brokerage Co. v. Ralston Purina Co.</u>, 505 F.2d 1045, 1050 (9th Cir. 1974).  If "the issues in the original complaint and the amended complaint turn on the same matrix of facts," a party's failure to demand a jury trial in response to the original complaint waives its right to a jury trial on the claims in the amended complaint.  <u>Las Vegas Sun, Inc. v. Summa Corp.</u>, 610 F.2d 614, 620 (9th Cir. 1979).

Under 28 U.S.C. § 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  This provision permits discretionary withdrawal of reference to the Bankruptcy Court upon the District Court's consideration of a number of factors.  "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."  <u>Security Farms v. Int'l Bhd. of Teamsters</u>, 124 F.3d 999, 1008 (9th Cir. 1997).  Other District

3

Courts in this Circuit have considered additional factors suggested by the Second Circuit, including: whether the claim is core or non-core, whether the claim is legal or equitable; whether the claim is triable by a jury; and conservation of estate and non-debtor resources. Daewoo Motor Am., Inc. v. Gulf Ins. Co., 302 B.R. 308, 310 (C.D. Cal. 2003), citing Orion Pictures Corp. v. Showtime Networks, Inc., 4 F.3d 1095, 1101 (2d Cir. 1993).

## IV. DISCUSSION

### A. Right to a Jury Trial

By failing to make a jury demand in response to Betta's Original Complaint, DSS waived its right to a jury trial. Having reviewed both documents, the Court finds that the issues in the Original Complaint and the Amended Complaint "turn on the same matrix of facts." Las Vegas Sun, 610 F.2d at 620. Though Betta articulated new legal theories for claims against DSS in the Amended Complaint, including several contract and tort claims, the Original Complaint described the facts necessary to assert the new claims. In a relatively recent case, the Ninth Circuit invalidated a jury demand where there had been no initial request and "there [was] no significant difference in the facts necessary to support [the plaintiff's] original ADA claim and those supporting her new claims." Lutz v. Glendale Union High School, 403 F.3d 1061, 1066 (9th Cir. 2005). Accordingly, when DSS failed to make a jury demand in response to Betta's Original Complaint, it waived its right to demand a jury trial in response to Betta's Amended Complaint.

4

**B. Discretionary Withdrawal from Bankruptcy Court**

Consideration of the factors in Security Farms, 124 F.3d 999, and Daewoo Motor, 302 B.R. 308, weighs in favor of denying withdrawal. First, the efficient use of judicial resources dictates that the case should remain before the Bankruptcy Court. The Bankruptcy Court has been dealing with this case for a number of years and by this point is well versed in the dispute between Betta and DSS. Second, the Bankruptcy Court would be able to resolve the dispute more quickly than this Court because summary judgment motions have already been filed in that proceeding. Third, the Bankruptcy Court would also be better suited than this Court to uniformly administer Betta's bankruptcy case because it has been managing the process since 2003 and made numerous rulings. Fourth, denying DSS's motion would prevent any attempts at forum shopping, though it is unclear why the District Court would be a better forum for DSS than the Bankruptcy Court.

Though some of the factors considered in Daewoo Motor weigh in favor of granting withdrawal, they do not outweigh other factors. Betta's claims are state law claims which do not depend on bankruptcy laws for their existence and could proceed in another court. Thus, they are "non-core." See Security Farms, 124 F.3d at 1008. Further, Betta's claims are legal, rather than equitable. However, though the claims may have qualified for a jury trial, as discussed supra part IV-A, DSS waived its right to a jury trial by failing to demand one in response to Betta's Original Complaint.

Having considered all the relevant issues raised by Betta's

5

motion to withdraw the reference to Bankruptcy Court, this Court finds that discretionary withdrawal is not appropriate under 28 U.S.C. § 157(d).

**V. CONCLUSION**

For the reasons discussed herein, the Court DENIES Defendant's Motion to Withdraw Reference from Bankruptcy Court.

IT IS SO ORDERED.

Dated: June 15, 2007



UNITED STATES DISTRICT JUDGE

6